2:03-cv-73821-GCS Doc # 2 Filed 10/06/03 Pg 1 of 7 Pg ID 6

CLOSED  FILED

OCT - 6 2003

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | **03-73821** |
| Plaintiff, | Case No.: 03-XXXXX |
| v. | GEORGE CARAM STEEH |
| | Honorable |
| UNITED AUTO WORKERS INTERNATIONAL UNION (UAW), | |
| Defendant. | MAGISTRATE JUDGE DONALD A. SCHEER |



| | |
|---|---|
| ADELE RAPPORT (P44833) | CONNYE HARPER (P26448) |
| ROBERT DAWKINS (P38289) | UAW - International Union |
| TAMMY KLEIN (P60256) | 8000 E. Jefferson Avenue |
| Equal Employment Opportunity Commission | Detroit, Michigan 48214 |
| 477 Michigan Ave., Room 865 | (313) 926-5216 |
| Detroit, Michigan 48226 | |
| (313) 226-5673 | |

## CONSENT DECREE

On September 29, 2003, this matter was commenced by the United States Equal Employment Opportunity Commission, (the "Commission") against the United Auto Workers ("UAW") on behalf of Charging Party, Jill Sturm ("Charging Party" or "Sturm"). The Commission's Complaint alleged that Sturm was denied the reasonable accommodation of a sign language interpreter for union functions. The Commission's Complaint further alleged that Sturm was denied a modified start time necessary to accommodate her disabilities (vision and hearing impairments).

1

## FINAL DISPOSITION

1. Through this Consent Decree, ("Decree) Plaintiff, the Commission, on behalf of Jill Sturm, Defendant United Auto Workers ("UAW") desire to forever resolve all issues raised, presented, or joined in Civil Action Number 03-XXXXX without the burden, expense and potential delay of further litigation, and intend to be bound by the promises made herein.

## STIPULATED FACTS

2. The Parties stipulate and agree that the EEOC is the agency of the United States government authorized to investigate allegations of unlawful employment discrimination, to bring civil actions to prohibit unlawful employment practices and to seek relief for individuals affected by the practices complained of in this lawsuit.

3. At all relevant times, Defendant UAW has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

4. Pursuant to the ADA, the Parties acknowledge the jurisdiction of the United States District Court for the Eastern District of Michigan (Southern Division) over the subject matter and Parties to this case for the purpose of entering this Decree, and, if necessary, enforcing the provisions of this Decree.

5. Venue is appropriate in the Eastern District of Michigan (Southern Division). For purposes of this Decree and proceedings related to this Decree only, Defendant agrees that all statutory conditions precedent to the institution of this lawsuit have been fulfilled.

## NON-MONETARY RELIEF

8. The UAW agrees that it will provide Sturm with the use of a sign language interpreter for any and all meetings, that other union members are invited to attend. In addition, the UAW

agrees to engage in the interactive process with Sturm should she need additional accommodations, such as modified start time, in the future.

## NON-DISCRIMINATION

9. The United Auto Workers ("UAW") its officers, agents, employees, successors, assigns and all persons in active concert of participation with it, shall comply with the ADA and agrees to not discriminate against any employee or union member with a disability. The UAW also agree to engage in the interactive process with disabled employees who request an accommodation. The UAW further agrees to accommodate employees and union members as required by the ADA.

## NON-RETALIATION

10. The UAW, through its directors, officers, agents, successors, assigns, employees and members, will not retaliate against any person known to them who participated or cooperated in the investigation and prosecution by the EEOC of Charge Number 230-A1-0669 filed under the Americans with Disabilities Act.

## DISPUTE RESOLUTION AND COMPLIANCE

11. The Parties agree that the United States District Court for the Eastern District of Michigan, Southern Division, shall retain jurisdiction and will have all available equitable powers, including injunctive relief, to enforce this Decree. Upon motion of either Party, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The Parties shall engage in a good faith effort to resolve any dispute as to compliance prior to seeking review by the Court, and shall be required to give notice to each other ten (10) days before moving for such review.

## POSTING OF NOTICE

12. The UAW agrees to post a mutually agreeable notification, attached as Attachment A, in at least one (1) conspicuous place at its Detroit, Michigan facility, which sets forth employees' rights regarding the federal anti-discrimination laws. This Notice shall be posted for three (3) years from the entry of this Decree. Should any posted copies of the Notice become defaced, marred or otherwise made unreadable, the UAW agrees to post a readable copy of this Notice in the same manner heretofore specified as soon as practical thereafter.

## NON-ADMISSION OF LIABILITY

13. The UAW has denied all allegations set forth in Civil Action 03-XXXXX, along with any and all inferences of wrongdoing, and neither its consent to the entry of this Decree, nor any of the terms or conditions set forth herein shall constitute an adjudication or finding on the merits of the case or be construed as an admission of liability, wrongdoing, guilt, and/or violation of federal law, and the UAW expressly denies any wrongdoings.

## ALLOCATION OF COST

14. The Parties agree to pay their respective costs and attorneys fees associated with the drafting and enforcement of this Decree.

## SEVERABILITY CLAUSE

15. If any provision of this Decree is found to be unenforceable by a Court, only the specific provision in question shall be affected and the other enforceable provisions shall remain in full force.

## TRAINING

16. The UAW shall provide training to its Union Representatives, Stewards and

Committeemen on the ADA and its requirement to provide disabled individuals with reasonable accommodations so long as it is not an undue hardship to the UAW and the Company involved. A copy of the training materials shall be sent to Adele Rapport, Regional Attorney, Equal Employment Opportunity Commission, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226, at least thirty (30) days prior to the training session. In addition, within fifteen (15) days after the training, the UAW shall provide a written record of each attendee, along with the name of the individual who performed the training.

## ENTIRE AGREEMENT

17. This Decree constitutes the entire agreement and commitments of the Parties. Any modifications to this agreement must be mutually agreed upon in writing and signed by the Parties hereto.

## DURATION

18. This Decree shall remain in effect for three (3) years from its entry with the Court.

Respectfully submitted,

ADELE RAPPORT (P44833)  
ROBERT DAWKINS (P38289)  
TAMMY KLEIN (P60256)  
Equal Employment Opportunity  
Commission  
477 Michigan Ave., Room 865  
Detroit, Michigan 48226  
(313) 226-5673

CONNYE HARPER (P26448)  
UAW - International Union  
8000 E. Jefferson Avenue  
Detroit, Michigan 48214  
(313) 926-5216

5

IT IS SO ORDERED:

_____      0 6 OCT 2003
HONORABLE     _____
                                      DATE

Sep-17-2003 01:44pm From-EEOC DETROIT DISTRICT OFC 313 226 6584 T-536 P.002/002 F-531

# ATTACHMENT A

## NOTICE

This notice is being posted to inform you of your rights guaranteed by federal law under the Americans with Disabilities Act of 1990, as amended, ("ADA"). The ADA prohibits discrimination against any employee on the basis of disability, including any terms or conditions of employment. The ADA also prohibits retaliation against employees who engage in protected activity, which includes filing charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") or state administrative agencies, participating in the Commission's investigation process, or otherwise opposing unlawful discrimination.

The United States Equal Employment Opportunity Commission is the federal agency which investigates charges of unlawful employment discrimination and, if necessary, brings lawsuits in federal court to enforce the provisions of Title VII. Any employee who believes that he or she is the victim of discrimination or retaliation may file a charge of discrimination with the U.S. Equal Employment Opportunity Commission.

THE UAW supports and will comply with this federal law in all respects, and will not take any action against any employee because of the exercise of rights under these laws.